UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

ADRIAN KING

                              Plaintiff,

               -against-

CITY OF NEW YORK, POLICE OFFICER
KRUYTHOFF FORRESTER SHIELD #9768 AND JOHN
DOE OFFICERS #1-3,

                              Defendants.

-------------------------------------------------------------------- x

**COMPLAINT AND
JURY DEMAND**

Docket #14CV2554

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights in addition to violations of the laws and Constitution of the State of New York.

2.    The claim arises from an April 17, 2013 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and malicious prosecution.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution of the State of New York.

5.    The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

VENUE

6.    Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

PARTIES

7.    Plaintiff resided at all times here relevant in Kings County, City and State of New York.

8.    The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.  At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9.    Officer Forrester was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, defendant Forrester was involved in the decision to stop plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them seizing and searching plaintiff without probable cause.  On information and belief, at all times relevant hereto, defendant

Forrester was under the command of the 73rd precinct and is sued in his individual capacity.

10.    At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

<u>FACTUAL ALLEGATIONS</u>

11.    On April 17, 2013, at approximately 1AM, plaintiff walked out of his grandmother's home at 352 Bristol St. near the intersection with Livonia Ave., Brooklyn, NY. Plaintiff walked to his vehicle that was parked nearby and got into the driver's seat. As he was pulling away from the curb an unmarked police vehicle stopped him.

12.    Almost immediately, the plainclothes officers demanded that plaintiff get out of his car. Plaintiff complied. The officers then searched plaintiff and his car. They forced him to take his shoes off while standing in the street. The officers reached into plaintiff's undergarments to search for illegal items. However, no illegal contraband was found on plaintiff's person or in his vehicle. During the illegal search another marked police car responded to the scene.

13.    Without reason, plaintiff was transported to the 73rd precinct where he was again searched, questioned and detained in a holding cell. Several hours after the arrest, plaintiff was issued a summons for an Open Container under Administrative Code 10-125 2(b). He was then permitted to leave the precinct.

14.    The summons required plaintiff to appear on July 12, 2013. However on June 25, several weeks before his scheduled appearance, he received a letter from the criminal court explaining that the case was dismissed and sealed.

3

15.   At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.   They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

16.   During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

17.   As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a.      Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

b.      Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

c.      Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d.      Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

e.      Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

f.      Loss of liberty.

FIRST CAUSE OF ACTION
42 U.S.C. § 1983

18.   The above paragraphs are here incorporated by reference.

19.   Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, malicious prosecution, and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

20.   Plaintiff has been damaged as a result of defendants' wrongful acts.

SECOND CAUSE OF ACTION
Municipal Liability 42 U.S.C. §1983

21.   The above paragraphs are here incorporated by reference.

22.   The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

23.   The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

24.   In Floyd v. City of New York, 08CV1034(SDNY), the Honorable Judge Shira Scheindlin received nine weeks of testimony and numerous written submissions from the

City regarding the same stop and frisk procedures that caused the violation of plaintiff's rights. The Court held that the "City acted with deliberate indifference toward the NYPD's practice of making unconstitutional stops and conducting unconstitutional frisks."

25. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of his police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of his fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

26. In Floyd, Judge Scheindlin also held that the "1999 AG [Attorney General] Report put the NYPD on notice that its stop and frisk practices were resulting in constitutional violations. Despite that notice, senior NYPD officials significantly increased the risk of constitutional violations by applying pressure throughout the chain of command to raise the number of stops without imposing a countervailing pressure to ensure their constitutionality, and without instituting adequate supervisory, monitoring or disciplinary procedures."

27. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy

the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

28. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on many occasions.

29. Further, the City has no procedure to notify individual officers or his supervisors of unfavorable judicial review of his conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated his law department from the discipline of police officers, so that civil suits against police officers for actions taken in his capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Again,

in the <u>Floyd</u> case, Judge Scheindlin, found that "the City failed to establish that the NYPD has any mechanism for identifying or tracking unconstitutional stops."

30.   The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.  Despite such notice, the City has failed to take corrective action.  This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

31.   Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.      In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.      Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.      Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

DATED:

    Brooklyn, New York                  Respectfully yours,
    April 18, 2014

                                        By: Nicole Bellina, Esq.
TO:                                     Stoll, Glickman & Bellina, LLP
                                        Attorneys for Plaintiff
    City of New York                    475 Atlantic Ave. Fl.3
    Office of Corporation Counsel        Brooklyn, NY  11217
    100 Church Street                   (718) 852-3710 x103
    New York, NY  10007


    Officer Kruythoff Forrester
    73rd precinct
    1470 East New York Avenue
    Brooklyn NY 11212